# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONNELL M. ALLEN,

        Plaintiff,

v.

RODOLFO ALVARDO, GUY FRALEY, TIMOTHY KELLER, TROY JOHNSON, JEFFREY SULLIVAN, JOSEPH MCLIN, JR., and KEITH KOPCHA,

        Defendants.

Case No. 25-CV-797-JPS

**ORDER**

**1.    INTRODUCTION**

Plaintiff Donnell M. Allen ("Plaintiff"), an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Sixth Amendment right to counsel. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, and screens his complaint.

**2.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 9, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $16.67. ECF No. 5. Plaintiff paid that fee on June 26, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

3. **SCREENING THE COMPLAINT**

    3.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    3.2 **Plaintiff's Allegations**

Plaintiff alleges that he was arrested on August 15, 2018. ECF No. 1 at 2. The following day, a Milwaukee County Court Commissioner found probable cause and set bail. *Id.* Defendants then included Plaintiff in an in-person line up. *Id.* at 2–3. Plaintiff alleges that his Sixth Amendment right to counsel had already attached at this point and that he did not waive that right. *Id.* at 3. Then, in October 2019, Plaintiff was found guilty following a bench trial, "from evidence derived" from the alleged violation of his Sixth Amendment right to counsel. *Id.*

As relief, Plaintiff requests that the guilty finding and punishment be overturned. *Id.* at 4. He also seeks damages. *Id.*

**3.3 Analysis**

The Court must dismiss Plaintiff's case because, to the extent that it seeks to recover damages, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Since Plaintiff alleges that he was convicted based on "evidence derived" from the alleged Sixth Amendment violation, ECF No. 1 at 3, a judgment in his favor in this case would necessarily imply the invalidity of his state court conviction. *See United States v. Feliciano,* 498 F.3d 661, 664 (7th Cir. 2007) ("[A] conviction obtained in violation of the Sixth Amendment is 'void.' . . . " (quoting *Custis v. United States*, 511 U.S. 485, 494–95 (1994) and citing *Johnson v. United States*, 544 U.S. 295, 303 (2005))); *Bailey v. Carter*, 2000 U.S. App. LEXIS 18082, at *7 (7th Cir. July 21, 2000) ("Failure to provide counsel at a post-indictment lineup violates the Sixth Amendment and warrants suppression of any resulting identification." (citing *United States v. Wade*, 388 U.S. 218, 236–38 (1967) and *United States v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992))).

Plaintiff's conviction has not been invalidated; his case remains pending on appeal. *State v. Donnell M. Allen,* App. No. 2025AP000232-CR (Wis. Ct. App. 2025), *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2025AP000232&cacheI

d=5C829198D2A1CC7CB68B07A81748EACB&recordCount=1&offset=0.[1]

"Because [Plaintiff's] conviction[] ha[s] not been invalidated—and he remains incarcerated—his claim[] for damages under § 1983 [is] not yet cognizable." *Cobb v. Benjamin*, No. 20-3247, 2021 U.S. App. LEXIS 34235, at *6 (7th Cir. Nov. 18, 2021) (citing *Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (en banc)); *see also Hadzi-Tanovic v. Johnson,* 62 F.4th 394, 407 (7th Cir. 2023) ("[I]ndividuals seeking damages for constitutional violations resulting from their state criminal convictions or sentences may sue under § 1983 only after their convictions or sentences have been set aside." (citing *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995) and *Heck,* 512 U.S. 477)).

Further, to the extent that Plaintiff seeks the Court to overturn his criminal conviction—i.e., to challenge in this action his current incarceration—he cannot do so. The Court can only entertain such a request in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." (internal quotation marks omitted) (collecting cases)).

Although courts generally must permit plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Because no amendment can overcome Plaintiff's *Heck* issue, it would be

---

[1]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

futile to allow him to amend the complaint. The Court must dismiss the case. The dismissal will operate without prejudice because Plaintiff may attempt to reassert these claims if his conviction is invalidated. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." (citing *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) and *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014))).

Accordingly,

**IT IS ORDERED** that Plaintiff Donnell M. Allen's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $333.33 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.